# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ALLEN BERGHAUSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-43-RAW-SPS |
| ) | |
| COMMISSIONER of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant David Allen Berghauser requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was forty-two years old at the time of the administrative hearing (Tr. 38, 178). He completed the twelfth grade while attending special education classes and has worked as a parking enforcement officer and janitor (Tr. 30, 209). The claimant alleges that he has been unable to work since September 7, 2015, due to results of heat stroke, sensitivity to heat, diabetes, dyslexia, learning trouble, petit mal seizures, sleep apnea, depression, gout, and arthritis (Tr. 208).

### Procedural History

On October 22, 2015, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Kevin Batik held an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 24, 2017 (Tr. 21-32). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), but that he had the additional limitations of being unable to climb ladders, ropes, and scaffolds, or work at unprotected heights, around moving mechanical parts, drive as part of most jobs, or be exposed to extreme heat. The

ALJ further found that the claimant could understand, remember, and carry out simple tasks and instructions, but that he was precluded from interaction with the general public and limited to occasional interaction with co-workers and supervisors (Tr. 27). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, patcher, table worker, or bonder (Tr. 30-31).

## Review

The claimant contends that the ALJ erred by: (i) failing to account for all his impairments in formulating the RFC, specifically with regard to his visual impairments, (ii) failing to properly evaluate his counselor's other source opinion, and (iii) failing to properly evaluate his subjective statements. The undersigned Magistrate Judge agrees with the claimant's contention that the ALJ failed to properly assess his RFC, and the decision of the Commissioner should therefore be reversed, and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of diabetes mellitus, epilepsy, hypertension, major depressive disorder, and autism (Tr. 23). The relevant medical evidence as to the claimant's eyes reveals that he experienced a decline or change in vision in September 2015 and was assessed with corneal pannus of the left eye, as well as bilateral iris nevus, diabetic cataracts, and diabetes mellitus type II with ophthalmic complications, non-proliferative diabetic retinopathy, retinal hemorrhage, myopia, and astigmatism (Tr. 321). Further treatment notes describe the eye condition as an almost 3D myopic shift secondary to high sugar levels (Tr. 321). That same month, another treatment

note indicates that the claimant's acuity was still grossly impaired (Tr. 367). The "Discussion Notes," refer to a period of heat exhaustion that had previously hospitalized the claimant, as well as the sudden death of his wife and lack of diet and weight control that sent his blood sugars so high he was almost in ketoacidosis and had to be intubated during a stay in the ICU (Tr. 368). The note continues, that "He has had little to no tolerance at work to physical [conditioning] type environment. Couple with his limited mental ability to understand the consequences of his disease processes has got him to the point that his vision is now severely affected. He will have to live with family for the long foreseeable future in my view" (Tr. 368). The following month, his vision condition was described as stabilized following updated glasses for his refractive state (Tr. 325). In February 2016, treatment notes again reflected the claimant's acuity was impaired, and that his vision was still grossly impaired (Tr. 566). June 2016 and February 2017 treatment notes again refer to the claimant's acuity as impaired (Tr. 699, 747). In August 2016, the claimant again sought treatment for his eyes, reporting blurred vision at distance and near, noting that varied visual tasks were impaired, and that his eyes fatigued easily (Tr. 719). The claimant was to monitor the condition and report any changes immediately (Tr. 721).

The claimant additionally struggled to manage hypertension and presented to the emergency room on January 9, 2016 with blood pressure of 177/114 but was discharged that same day following blood pressure readings of 151/87, 136/65, and 154/67 (Tr. 536-538). The claimant was also treated for, *inter alia*, generalized epilepsy and a Chiari I brain malformation both of which were diagnosed in 2013 (Tr. 675, 679). Medical treatment

notes also repeatedly discussed the claimant's continued high blood sugar, as well as his inability to control his diet (Tr., *e. g.*, 700).

Two state reviewing physicians determined that the claimant had the RFC to perform medium work, with the additional limitation of avoiding even moderate exposure to hazards (Tr. 81-82, 99-100).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as some of the medical evidence in the record. As to the claimant's eyes, he recited at step two treatment notes that the claimant's vision was severely affected and the claimant's 2015 complaint of blurred vision but did not discuss whether the claimant's impaired vision was a severe (or nonsevere) impairment (Tr. 23-25). At step four, the ALJ recounted the plaintiff's testimony regarding blurred vision, and acknowledged that the claimant's diabetes caused him to have blurred vision and fatigue (Tr. 27-28). He then stated that sedentary work was more appropriate for the claimant because the record showed the claimant's diabetes caused blurred vision and fatigue but did not discuss how the sedentary RFC with the above-stated limitations actually accounted for the claimant's documented vision problems.

The claimant thus asserts that the ALJ erred in formulating his RFC, and the undersigned Magistrate Judge agrees. The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination

-6-

with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination." *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013), *citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003). Here, the ALJ has connected no evidence in the record to instruct this Court as to how the stated RFC accounts the claimant's severe and nonsevere impairments, including the documented vision problems. This is error because the ALJ is required to consider all of a claimant's impairments – both severe and nonsevere – singly and in combination, when formulating a claimant's RFC. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004), *quoting* 20 C.F.R. § 404.1523). *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted]. Because the ALJ failed to account for the claimant's documented vision impairments in formulating his RFC, the RFC does not wholly account for his impairments. Additionally, this reflects a failure to

assess the combined effect of all the claimant's impairments – both severe and nonsevere – for his RFC despite the fact that "the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013), *quoting* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7.

Because the ALJ failed to properly assess the claimant's RFC, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis of *all* the evidence related to the claimant's impairments. If such analysis on remand results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 3rd day of September, 2019.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**